CHARLES STARBIRD, Respondent, *v.* SAMUEL H. BARROWS et al., Appellants.

(Argued April 22, 1875; decided May 35, 1875.)

THIS action was brought, among other things, to recover damages for injuries to plaintiff's boat which, as alleged, defendants were bound by contract to pay. (Reported below, 2 Hun, 108.)

The boat, loaded with potatoes belonging to defendants, was frozen in at Schenectady. Plaintiff had contracted to store the potatoes on the boat in New York. Plaintiff's testimony tended to show that defendants, to protect the potatoes from freezing, desired to surround it with a frame work, and to fill around it with manure, and to cover the boat also with the same material; to this plaintiff objected because it would injure the boat; defendants agreed to pay all the damage occasioned, and the boat was so covered. Plaintiff's evidence further tended to show that the manure caused the potatoes to heat to such an extent that the timber and woodwork of the boat was rotted. The boat was also stained by the manure. Evidence was given by defendants that potatoes stored in the ordinary way would heat and would injure a boat in which they were stored. The court charged the jury that it was for them to determine whether the boat was injured exclusively by the use of manure, independently of such injury as would result from storing in the ordinary way. No exception was taken to the charge, but defendants' counsel requested the court to charge that there was no evidence of injury arising from the use of manure. This the court refused. *Held*, no error; that there was evidence of direct injury, *i. e.*, the staining the boat, but that the plaintiff was not confined to the direct injury by contact of the manure, if her being so covered was the immediate cause of heating her cargo to such an extent as to rot the timbers, and that result would not have happened had she been covered in the ordinary modes the injury beyond such as would necessarily have occurred had manure not been used, was within the contract; and that, as there was no error in the submission of the case to the jury, if the jury gave excessive damages it could not be corrected here, the only remedy was in the court below.

*Geo. F. Danforth* for the appellants.

*Henry R. Selden* for the respondent.

RAPALLO, J., reads for affirmance.
All concur; MILLER, J., not sitting.
Judgment affirmed.